UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KELLEE KENDELL,** *et al.*,

    **Plaintiffs,**

            v.

**LILLY PENG,** *et al.*,

    **Defendants.**

Civil Action 2:16-cv-221
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion for Judgment on the Pleadings (ECF No. 12), Plaintiffs' Response in Opposition (ECF No. 20), and Defendants' Reply (ECF No. 21.). For the reasons explained below, Defendants' Motion is **GRANTED**. Defendants' Motions for Protective Order and to Stay Discovery are **DENIED** as **MOOT**. (ECF Nos. 8 & 24.)

### I.

On March 10, 2016, Plaintiffs filed their Complaint, alleging that Defendants violated their constitutional rights while they were under contract to provide coordination services for Defendants' home healthcare business. (ECF No. 1.) Plaintiffs subsequently filed their Amended Complaint on April 28, 2016, removing one count, but leaving the underlying factual allegations substantially unchanged. (ECF No. 9.)

Plaintiffs allege that, after Plaintiffs filed a lawsuit against Defendants on June 21, 2014 alleging breach of contract, Defendants discharged Plaintiffs without cause. (ECF No. 9 at 3.) Plaintiffs further allege that Defendants have developed a "symbiotic relationship" with the Ohio

or Federal governments that convert their discharge of Plaintiffs into state action.  (*Id*. at 2.)  It is not disputed that Defendants perform home health care services under contract to the state, receive compensation under those contracts through government funding, and, as a result, are extensively regulated by both the state and federal governments.  (*Id*.; ECF No. 11 at1.)  As a result, Plaintiffs argue, Defendants conduct constitutes unconstitutional retaliation for Plaintiffs' exercise of their right to redress in the courts as secured by federal and state constitutions and statutes.  (ECF No. 9 at 2.)

Defendants filed their Motion for Judgment on the Pleadings on May 2, 2016.  (ECF No. 12.)  Defendants argue that the Court should dismiss Plaintiffs claims because Plaintiffs have not alleged sufficient facts to plead state action under the governing statute.  (*Id*. at 5.)  Plaintiffs counter that the question of state action is too fact intensive to be decided on the pleadings and maintain, in any event, that they have alleged sufficient facts to plead state action.  (ECF No. 20 at 3-5.)

**II.**

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The Court evaluates a motion filed under Rule 12(c) using the same standard as a Rule 12(b)(6) motion to dismiss.  *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands

2

on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

### III.

Plaintiff purports to assert First Amendment retaliation claims against Defendants under 42 U.S.C. § 1983. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person *acting under color of state law*." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (emphasis added) (citations omitted).

The issue of whether a private corporation is "a state actor" or "acted under color of state law" is a question of law for the Court's determination. *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002). In order for a private entity to "act under color of state law" for § 1983

3

purposes, "its actions [must] so approximate the state action that they may be fairly attributed to the state." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000).  The Sixth Circuit employs three tests in order to determine whether a private entity meets this requirement: (1) the state compulsion test; (2) the symbiotic relationship or substantial nexus test; and (3) the public function test.  *Id.*; *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992).  In their Amended Complaint, Plaintiffs allege that Defendants "developed a symbiotic relationship with Federal and State of Ohio government, rendering Defendants actors under state law."  (ECF No. 9 at 4.)

Under the substantial nexus test, a private party's conduct "constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Wolotsky*, 960 F.2d at 1335.  The Sixth Circuit has not established a legal framework for deciding whether a sufficiently close nexus exists; each case must be evaluated on its own facts.  *Lansing*, 202 F.3d at 830.  That being said, however, Supreme Court and Sixth Circuit precedent have identified several factors which, in and of themselves, are insufficient bases for finding the existence of a close nexus.

Neither "significant or even total engagement in performing public contracts" nor "extensive and detailed" state regulation of a private entity creates a sufficient nexus between the state and the private entity.  *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982); *see Wolotsky*, 960 F.2d at 1336 ("Acts of private contractors do not become the acts of the government by reason of their significant or even total engagement in performing public contracts") (citing *Rendell-Baker*, 457 U.S. at 840-841.)

In support of their argument that Defendants, who provide patient care coordination and referral services, are "state actors" under the substantial nexus test, Plaintiffs rely on *Brentwood*

4

*Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (1974), which Plaintiffs assert stands for the proposition that "the private party-state actor issue [is so] particularly fact sensitive" that judgment is inappropriate at the pleading stage and, instead, requires the parties to conduct discovery. (ECF No. 20 at 4.)

In *Brentwood*, the Court explained that, despite the fact-specific nature of the inquiry, its precedents have "identified a host of facts that can bear on the fairness of such an attribution [of state action]." *Brentwood*, 531 U.S. at 296. The Court elaborated as follows:

> We have, for example, held that a challenged activity may be state action when it results from the State's exercise of "coercive power," *Blum*, 457 U.S., at 1004, 102 S.Ct. 2777, when the State provides "significant encouragement, either overt or covert," *ibid.*, or when a private actor operates as a "willful participant in joint activity with the State or its agents," *Lugar*, *supra*, at 941, 102 S.Ct. 2744 (internal quotation marks omitted). We have treated a nominally private entity as a state actor when it is controlled by an "agency of the State," *Pennsylvania v. Board of Directors of City Trusts of Philadelphia*, 353 U.S. 230, 231, 77 S.Ct. 806, 1 L.Ed.2d 792 (1957) (*per curiam*), when it has been delegated a public function by the State, *cf.*, *e.g.*, *West v. Atkins*, *supra*, at 56, 108 S.Ct. 2250; *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 627–628, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), when it is "entwined with governmental policies," or when government is "entwined in [its] management or control," *Evans v. Newton*, 382 U.S. 296, 299, 301, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966).

*Brentwood*, 531 U.S. at 296. Furthermore, the *Brentwood* Court reviewed a lower court's decision at the summary judgment stage and did not address the sufficiency of Plaintiff's pleading. *Id*. at 293. Rather, the *Brentwood* opinion refined the Court's "entwinement" standard of state action and emphasized that the particular facts of a case regarding an entity's composition and operation, rather than legal formalisms, are determinative. *Id*. at 296 ("[O]ur cases are unequivocal in showing that the character of a legal entity is determined neither by its expressly private characterization in statutory law, nor by the failure of the law to acknowledge the entity's inseparability from recognized government officials or agencies."). *Brentwood*,

therefore, does not foreclose the possibility that some pleadings, as a matter of law, fail to allege sufficient facts to plead state action.

Contrary to Plaintiffs' position, the federal courts have identified facts that, if alleged alone, do not, as a matter of law, satisfy the burden of pleading state action. These facts include allegations limited to extensive government regulation and receipt of government funds. Courts, for example, have held that "[i]t is well established . . . that private hospitals, even those receiving federal and state funding and tax exempt status, are not state actors under § 1983." *Grant v. Trinity Health-Mich.*, 390 F. Supp. 2d 643, 657 (E.D. Mich. 2005); *see also Crowder v. Conlan*, 740 F.2d 447, 449-453 (6th Cir. 1984) (concluding that a private hospital is not a state actor for purposes of § 1983 even though it derived revenue from government sources, was heavily regulated, had public officials on its board of directors, and was purchased by the county and leased back to the board of trustees); *Jackson v. Norton-Children's Hosps., Inc.*, 487 F.2d 502, 503 (6th Cir. 1973), *cert. denied*, 416 U.S. 1000 (1974) (finding that a private hospital was not a state actor even though it received public funds and was heavily regulated, stating that "[w]henever state action has been discovered in activities of an ostensibly private hospital something more than a partial federal funding is involved"); *Sarin v. Samaritan Health Ctr.*, 813 F.2d 755, 759 (6th Cir. 1987) (holding that the plaintiff failed to state a § 1983 claim because state regulation of a hospital and receipt of Medicare and Medicaid funds were insufficient to establish state action).

In their Amended Complaint, Plaintiffs' allegations of a substantial nexus between Defendants and the government are limited to assertions of extensive government regulation of, and contracts with, Defendants. Specifically, Plaintiffs allege that Defendants are "engaged in the home health care services business . . . and licensed/certified by Medicare and/or the Ohio

6

Department of Health . . . and under contract with the Ohio Department of Job and Family Services." (ECF No. 9 at 2.) According to Plaintiffs, "[t]hrough this licensing and regulatory process Ltd has developed a symbiotic relationship with the Federal and/or State of Ohio governments, rendering Ltd. a state actor with respect to providing home health care services." (*Id.*)

Plaintiffs have not alleged any further facts with respect to the alleged substantial nexus between Defendants and the state. Plaintiffs have not alleged that federal or state statutes or regulations compel or encourage private persons or entities like Defendants to take retaliatory measures against individuals who initiate lawsuits for breach of contract. Likewise, Plaintiffs allege no facts showing, as in *Brentwood*, that the "nominally private character of [Defendant] is overborne by the pervasive entwinement of public institutions and public officials in its composition and workings." 531 U.S. at 298. Plaintiffs' allegations of "significant or even total engagement in performing public contracts" and "extensive and detailed" state regulation of a private entity, alone, are not sufficient to plead state action under § 1983. *Rendell-Baker*, 457 U.S. at 841; *Wolotsky*, 960 F.2d at 1336. Indeed, Plaintiffs allege no facts showing that the state or federal government had a sufficiently close relationship with Defendants such that their private conduct could be fairly attributed to the state for purposes of § 1983 liability.

**IV.**

For the reasons explained above, Defendants' Motion for Judgment on the Pleadings is **GRANTED**. (ECF No. 12.) Furthermore, Defendants' Motion for Protective Order and Motion to Stay Discovery are **DENIED** as moot. (ECF Nos. 8 & 24.)

**IT IS SO ORDERED.**


Date: August 11, 2016				/s/ *Elizabeth A. Preston Deavers*
						ELIZABETH PRESTON DEAVERS
						UNITED STATES MAGISTRATE JUDGE