UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KELLEE KENDELL,** *et al.***,**

      **Plaintiffs,**

                      Civil Action 2:16-cv-221
  **v.**                        Magistrate Judge Elizabeth P. Deavers

**LILLY PENG,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion for Sanctions (ECF No. 35), Plaintiffs' Response in Opposition (ECF No. 36), and Defendants' Reply (ECF No. 37.). For the reasons explained below, Defendants' Motion is **DENIED**.

**I.**

On March 10, 2016, Plaintiffs filed their Complaint, alleging that Defendants violated their constitutional rights while they were under contract to provide coordination services for Defendants' home healthcare business. (ECF No. 1.) Plaintiffs subsequently filed their Amended Complaint on April 28, 2016, removing one count, but leaving the underlying factual allegations substantially unchanged. (ECF No. 9.) On August 11, 2016, the Court granted judgment in favor of Defendants on the pleadings on the grounds that neither the state nor federal government had a sufficiently close relationship with Defendants such that their private conduct could be fairly attributed to the state for purposes of liability under 42 U.S.C. § 1983. (ECF No. 34.) Defendants now move for sanctions and attorney's fees under the Court's discretionary

power, as provided by 28 U.S.C. § 1927, as well as the Court's discretion to award reasonable attorney fees to the prevailing party in a § 1983 case. 28 U.S.C. § 1988.

## II.

"[A]lthough access to courts is fundamental right, the ability to file frivolous lawsuits is not." *Hall v. Callahan*, 727 F.3d 450, 456 (6th Cir. 2013) (citing *Bill Johnon's Rests v. NLRB*, 461 U.S. 731, 743 (1983)). To that end, the Court enjoys discretion to award attorney's fees in cases involving vexatious litigants. 28 U.S.C. § 1927. "This standard is satisfied when an attorney knows or reasonably should know that a claim pursued is frivolous." *Waeschle v. Dragovic*, 687 F.3d 292, 296 (6th Cir. 2012). "An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986). "Accordingly, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney." *Id*.

Similarly, Congress enacted 28 U.S.C. § 1988 as an exception to the "American Rule" that each party in a lawsuit should bear its own fees by allowing courts to award reasonable attorney's fees to the prevailing party in a § 1983 case. 28 U.S.C. § 1988; *Binta B. ex rel S.A. v. Gordon*, 710 F.3d 608, 635 (6th Cir. 2013). The "prevailing party" is the "one who has been awarded some relief by the court." *Id*. at 620. Attorney's fees are only to be awarded "when a party has prevailed on the merits." *Id*. "It is important to recall that Congress's intent in enacting § 1988 . . . was not to allow plaintiff's counsel to recover fees for everything." *Id*. at 635-36 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 446 (1983); *Farrar v. Hobby*, 506 U.S. 103,

115 (1992) (noting that the purpose of the bill is to aid civil rights not provide windfall relief for lawyers)).

### III.

In examining the merits of the case and the motion for judgment on the pleading, the Court is not persuaded that the Plaintiffs are vexatious litigators within the meaning of § 1927. Generally, sanctions under § 1927 are appropriate "[w]hen a litigant abuses the judicial system by repeatedly filing frivolous lawsuits or motions." *Levy v. Macy's, Inc.*, 1:13-CV-148, 2014 WL 49188, at *6 (S.D. Ohio Jan. 7, 2014) *report and recommendation adopted,* C-1-13-148, 2014 WL 897157 (S.D. Ohio Mar. 6, 2014). Here, Plaintiffs did not repeatedly file frivolous lawsuits or motions rising to an abuse of the judicial system. Similarly, the Court does not find attorney's fees are appropriate under § 1988. Upon consideration, the § 1983 claim in this case was not so meritless on its face to warrant such sanctions. As a result, Defendants' Motion for Sanctions is hereby **DENIED**. (ECF No. 35.)

**IT IS SO ORDERED.**


Date: March 29, 2017           /s/ *Elizabeth A. Preston Deavers*
                               ELIZABETH PRESTON DEAVERS
                               UNITED STATES MAGISTRATE JUDGE